STATE OF NORTH CAROLINA    FILED    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG    18-CVS-16071
2018 AUG 14 P 4:37
MECKLENBURG CO., C.S.C.
BY _____

ANA MONTOYA, )
    Plaintiff, )
)
vs. )    **COMPLAINT**
)    (JURY TRIAL REQUESTED)
WAL-MART STORES EAST, LP, and )
WAL-MART STORES, INC., )
)
    Defendants. )

**NOW COMES** Plaintiff, herein, by and through her undersigned counsel, complaining of the Defendants, alleges and says as follows:

## PARTIES

1. Plaintiff, Ana Montoya, is a resident and citizen of Charlotte, Mecklenburg County, North Carolina.

2. Upon information and belief, Defendant Wal-Mart Stores, Inc. is a North Carolina corporation incorporated under the laws of the State of North Carolina and exists and carries on business in Charlotte, Mecklenburg County, North Carolina.

3. Upon information and belief, Defendant Wal-Mart Stores East, LP is a North Carolina limited partnership formed under the laws of the State of North Carolina and exists and carries on business in Charlotte, Mecklenburg County, North Carolina.

4. Upon information and belief, at all times herein, Defendants owned, and exercised dominion and control over the premises of the Wal-Mart located at 7735 North Tryon Street, Charlotte, Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

5. The allegations as set forth in paragraphs 1 - 4 are re-alleged and incorporated by reference as if set forth fully herein.

6. This Court has personal jurisdiction over Defendant Wal-Mart Stores, Inc. in that all times relevant hereto Defendant Wal-Mart Stores, Inc. maintained a place of business in Mecklenburg County, North Carolina.

1

7. This Court has personal jurisdiction over Defendant Wal-Mart Stores East, LP in that all times relevant hereto Defendant Wal-Mart Stores East, LP maintained a place of business in Mecklenburg County, North Carolina.

8. This court has subject matter jurisdiction over Plaintiff's claim in that the alleged claim arose under the substantive law of North Carolina and the incident giving rise to Plaintiff's claim took place in Charlotte, Mecklenburg County, North Carolina.

9. Venue is proper in this court as the incident giving rise to this claim occurred in Charlotte, Mecklenburg County, North Carolina

## FACTUAL ALLEGATIONS

10. The allegations as set forth in paragraphs 1 - 9 are re-alleged and incorporated by reference as if set forth fully herein.

11. At all times relevant, Defendants, by their officers, agents and employees, expressly and by implication, invited the public generally to enter the Wal-Mart located at 7735 North Tryon Street, Charlotte, Mecklenburg County, North Carolina, hereinafter "the Store," as patrons and invited said patrons to enjoy its facility.

12. On or about July 22, 2016, Plaintiff was a patron of the Store and was shopping for groceries.

13. Plaintiff made her way to the main aisle of the Store and was walking towards one of the checkout aisles inside of the Store.

14. As Plaintiff was walking in a careful and prudent manner in the main aisle in the Store, she approached the entrance of a checkout aisle.

15. As Plaintiff attempted to enter the entrance of the register, she slipped on a slippery, non-obvious substance and fell to the floor, causing severe physical injuries.

16. The substance which Plaintiff fell was not open and obvious to a shopper, such as Plaintiff.

17. There were no warnings or other signage at the location of Plaintiff's fall to advise her of the fact of any dangerous hazards or objects in the vicinity of the area where Plaintiff fell.

18. As a direct and proximate result of the events described above, Plaintiff sustained personal injury which required medical treatment and surgery.

2

19. Upon information and belief, Defendants knew or should have known that there was a slippery, non-obvious, hazard on the floor in the vicinity of a checkout aisle.

## CAUSE OF ACTION
## (NEGLIGENCE)

20. The allegations as set forth in paragraphs 1 - 19 are re-alleged and incorporated by reference as if set forth fully herein.

21. At all times relevant hereto, Defendants exercised dominion and control over the floor areas of the Store.

22. Defendants had a duty to maintain their floors and common areas in a reasonably safe manner and to inspect and/or identify any areas which would be hazardous to their patrons.

23. Defendants had a heightened duty to maintain the floors of the Store which were likely to attract higher volume of traffic like the area in the main aisle and registers.

24. Defendants breached the duty they owed to Plaintiff and were negligent in one or more of the followings ways:

    a. Negligently failed to maintain their premises in a reasonably safe condition;

    b. Negligently failed to make reasonable inspection of the area of the floor in question and to correct the unsafe condition which such an inspection would have revealed;

    c. Negligently failed to keep the said premises and all common areas herein fit for the foreseeable users;

    d. Negligently failed to warn the Plaintiff about the dangerous conditions of which they had actual or constructive knowledge; and

    e. Negligently failed to warn lawful users of said area of the floor by placing warning signs when Defendants knew or should have known that the area of the floor of the Store, upon the occasion in question, was unsafe and hazardous so as to endanger those patrons lawfully using the same.

25. Plaintiff's slip at the Store on July 22, 2016 was the direct and proximate result of the negligent acts and omissions of the Defendants as set forth above.

26. As a direct and proximate result of the above-described negligence of the Defendant, the Plaintiff suffered injuries to her person.

3

27. As a direct and proximate result of the above-described negligence of the Defendant, the Plaintiff has incurred injuries to her person resulting in past, present, and future medical bills in a sum in excess of $25,000.00.

28. As a direct and proximate result of the above-described negligence of the Defendant, the Plaintiff has incurred injuries to her person resulting in past, present, and future loss of earning capacity.

29. As a direct and proximate result of the above-described negligence of the Defendant, the Plaintiff has suffered permanent injury to her person.

30. As a direct and proximate result of the above-described negligence of the Defendant, the Plaintiff has suffered scarring to her person.

31. As a direct and proximate result of the above-described negligence of the Defendant, the Plaintiff has incurred injuries to her person and had to endure, and will continue to endure, pain and suffering.

32. As a direct and proximate result of the above-described negligence of Defendant, the Plaintiff has suffered all other damages which may be exposed during discovery of this case or proven at trial.

33. Plaintiff objects to Rule 414 of the North Carolina Rules of Evidence and the 2011 amendments to N.C.G.S. 8-58.1 as unconstitutional. These new legislative enactments, which apply to actions arising on or after October 1, 2011, violate Article IV, § 13(2) of the North Carolina Constitution, which provides that "No rule of procedure or practice shall abridge substantive rights or abrogate or limit the right of trial by jury." Sections 1.1 and 1.2 of House Bill 542 also violate the right to a jury trial, due process of law, equal protection under the law, and the right to open courts, and violate the separation of powers, in violation of Article I, sections 6, 18, 19, and 25, and Article IV, sections 1 and 13 of the North Carolina Constitution.

34. Plaintiff in this action has incurred substantial medical expenses as a result of Defendant's negligence. Under the law, Plaintiff is entitled to recover her "medical expenses," including "all medical bills reasonably incurred by the plaintiff as a proximate result of the negligence of the defendant." N.C.P.I. Civil 810.04. Contrary to North Carolina substantive law, and in violation of the North Carolina Constitution, Rule 414 of the North Carolina Rules of Evidence and the 2011 amendments to N.C.G.S. 8-58.1 bar Plaintiff from submitting evidence of her medical bills to the jury, and limit Plaintiff to presenting "the amounts actually paid to satisfy the bills" and "the amounts actually necessary to satisfy the bills that have been incurred but not yet satisfied." These new evidentiary and procedural rules, if applied in this case, will directly harm Plaintiff by reducing the amount of medical expenses she can recover for her injuries.

4

WHEREFORE, the Plaintiff respectfully prays the Court as follows:

(1) That she have and recover judgment for compensatory damages against Defendants, jointly and severally, in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), plus pre-judgment interest from the date of filing this action and post-judgment interest until any verdict is paid pursuant to North Carolina General Statute §§ 24-1 and 24-5;

(2) That Defendants be taxed with the costs of this action

(3) That the Plaintiff recover reasonable attorney's fees as provided by North Carolina law;

(4) This case be tired before a jury on all issues so triable; and

(5) For such other and further relief as to the Court deems just and proper.

This the 13 day of agust, 2018.

Caleb D. Partee
Attorney for Plaintiff
NC Bar #: 49689

Mark S. Jetton, Jr.
Attorney for Plaintiff
NC Bar #: 39786

FOR THE FIRM:
Jetton & Meredith, PLLC
216 N. McDowell Street, Suite 110
Charlotte, NC 28204
Phone: 704-333-1114
Fax:    704-335-0448